UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW JOHN MATAGRANO,

   Plaintiff,

  v.

           25-CV-6245-MAV
           ORDER

STATE OF NEW YORK, et al.,

   Defendants.

---

## INTRODUCTION

*Pro se* Plaintiff, Matthew John Matagrano, a prisoner confined at the Five Points Correctional Facility ("Five Points"), filed a complaint on April 7, 2025, in the Northern District of New York, seeking relief under 42 U.S.C. § 1983. ECF No. 1. He alleges, among other things, violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 1201-12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), which occurred at various state correctional facilities between 2022 and 2025. *Id.* at 21–22. Plaintiff initially filed an application to proceed *in forma pauperis* ("IFP"), that is, as someone who should have the prepayment of the ordinary filing fees waived because he cannot afford it, on April 7, 2025. ECF No. 2. Before the case was transferred to the undersigned, the Northern District found that Plaintiff's initial IFP application was incomplete. *See* ECF No. 6 at 2. Plaintiff submitted a renewed IFP application on April 25 in the Northern District, which, after the case's transfer, is now pending before this Court. ECF No. 7.

For the reasons set forth below, Plaintiff's renewed application to proceed IFP is denied without prejudice.

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee.[1] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Section 1915 provides in pertinent part that an IFP application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filling of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Alternatively, the prisoner may have prison officials complete and sign a certification section contained in a court-

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis. See generally id.* Effective December 1, 2023, this fee was increased to $55.00. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] *Available at* http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] *Available at* http://www.nywd.uscourts.gov/fee-schedule.

form IFP application in which prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2). Both the Northern District's form, which Plaintiff used here, and the Western District's form contain such a certification section. This section is called a "Certificate" in the Northern District's form and a "Prison Certification Section" in the Western District's form—both of which request the same information of prison officials.

The decision whether to permit a litigant to proceed IFP in a civil case is committed to the sound discretion of the district court. *See Fridman v. City of New York,* 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.,* 701 F.2d 243, 244 (2d Cir. 1983). Courts thus consider whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See, e.g., Rahimi v. Sec'y of Navy,* No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019) ("While for many filing a lawsuit involves no small measure of financial sacrifice, Rahimi has not shown that he would face the poverty found in cases that have warranted a grant of IFP status.").

In this case, the certification section of Plaintiff's renewed IFP application was completed and signed by a prison official and indicates that Plaintiff's inmate trust account has a balance of $3,104.61 and an average account balance during the past six months of $609.26. ECF No. 7 at 2. The renewed IFP application notes that in

February 2025, Plaintiff obtained a $7,000.00 settlement in another federal case, *Matagrano v. NYS DOCCS*, 19-CV-0763 (BKS). *Id.* Plaintiff's initial IFP application, which the Northern District denied as incomplete, included Plaintiff's actual trust fund account statement, but for three months' worth of time, rather than the required six months. ECF No. 2 at 3–5; *see* ECF No. 6 at 2; 28 U.S.C. § 1915(a)(2). That account statement ends in February 2025 and reflects a $7,000.00 deposit into Plaintiff's account, resulting in a then-ending balance of $10,045.16. ECF No. 2 at 5.

The Court does not have visibility into any specific debits or credits in Plaintiff's inmate trust account after February 27, 2025. However, it is at least apparent that between February 27 (the end date of his initially filed inmate account statement) and April 25 (when Plaintiff filed his renewed IFP application), Plaintiff's inmate trust account decreased in value by more than $7,000.00. Even still, Plaintiff's inmate trust account balance was certified by a prison official to be $3,104.61 as of April 25, 2025. ECF No. 7 at 2. Moreover, based on the allegations of his complaint, the constitutional and statutory violations occurred between 2022 and 2025, meaning that Plaintiff was aware of a potentially cognizable legal action at the time he received his settlement. The Court thus finds that the burden of paying the fees for filing and service would not hamper Plaintiff's ability to obtain the necessities of life or force him to abandon this action. *See Potnick,* 701 F.2d at 244; *Rahimi,* 2019 WL 6529458, at *2.

That the Five Points prison official certified that Plaintiff's average inmate trust account balance during the last six months was $609.26, ECF No. 7 at 2, does

not warrant a different result. Such an average balance presents a significant discrepancy with Plaintiff's $3,104.61 certified current balance, and Plaintiff represented that his Five Points' employment pays him approximately $16.00 per month, and his only "other source" of income was the $7,000.00 February 2025 settlement. ECF No. 7 at 1–2. It therefore seems that some of the information in Plaintiff's renewed IFP application may be erroneous and/or that Plaintiff omitted another source of income. The Court notes that, similar to his certified current balance of $3,104.61, Plaintiff's inmate trust account statement from December 3, 2024, to February 27, 2025, which he submitted with his initial application, consistently reflects account balances between $2,856.30 and $3,168.68 before receipt of his settlement deposit on February 19, 2025. ECF No. 2 at 3–5.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to support sufficient indications of indigency, and therefore permission to proceed *in forma pauperis*, ECF No. 7, is DENIED WITHOUT PREJUDICE. Plaintiff has until **July 11, 2025**, to pay the filing fee of $350.00 and the administrative fee of $55.00 (totaling $405.00). In the event Plaintiff does not pay the filing and administrative fees or otherwise seek relief from this Order by July 11, 2025,[4] the Clerk of Court is directed to close this case as dismissed without prejudice without further order of the Court.

---

[4] Plaintiff is advised that should he seek to file another motion to proceed IFP, he must utilize the Western District of New York's form, available at http://www.nywd.uscourts.gov/pro-se-forms.

SO ORDERED

DATED:    June 5, 2025

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE